FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY P., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 4:23-CV-05158-JAG <br><br> ORDER GRANTING DEFENDANT'S MOTION TO AFFIRM THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Motion for Summary Judgment and the Commissioner's Brief in response. ECF Nos. 10, 12. Attorney Chad Hatfield represents Bradley P. (Plaintiff); Special Assistant United States Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4.

After reviewing the administrative record and the briefs filed by the parties, the Court **DENIES** Plaintiff's motion to reverse the decision of the Commissioner and **GRANTS** Defendant's motion to affirm.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Leland Dudek, Acting Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . 1

# I. JURISDICTION

Plaintiff filed an application for benefits on March 10, 2020, later alleging disability since March 10, 2020. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on September 27, 2022, and issued an unfavorable decision on October 6, 2022. Tr. 22-33. The Appeals Council denied review on September 25, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on November 28, 2023. ECF No. 1.

# II. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.  ADMINISTRATIVE FINDINGS

On October 6, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 22-33.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 10, 2020, the amended alleged onset date. Tr. 24.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, and osteoarthritis of the hands. Tr. 24.

At ***step three***, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations: He can occasionally climb ladders, ropes or scaffolds and frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can frequently handle and finger bilaterally. He cannot have concentrated exposure to hazards such as unprotected heights and moving mechanical parts. Tr. 25.

At ***step four***, the ALJ found Plaintiff could perform past relevant work as a sales representative of building supplies. Tr. 32.

The ALJ thus concluded Plaintiff was not disabled from the amended alleged onset date through the date of the decision. Tr. 32.

## V.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by discounting Plaintiff's testimony; and (C) whether the ALJ erred at steps four and five. ECF No. 10 at 5.

## VI.   DISCUSSION

**A.   <u>Medical Evidence.</u>**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th

1 Cir. 2022). Plaintiff contends the ALJ erroneously discounted portions of the
2 opinion of David Davis-Boozer, M.D. ECF No. 10 at 8-12. As discussed below,
3 the Court disagrees.
4     Dr. Davis-Boozer examined Plaintiff on October 24, 2020, and opined, as
5 relevant here, opined Plaintiff was limited to occasional handling and fingering.
6 Tr. 370. The ALJ rejected these opined limitations. as inconsistent with the
7 doctor's "findings of full strength, including grip strength, and normal range of
8 motion throughout his bilateral upper extremities" and the doctor's "observation
9 that the claimant could take off his shoes and put them on without difficulty or
10 assistance, touch his thumbs to all fingertips with both hands and pick up a coin
11 from a flat surface with both hands." Tr. 30. These are legally valid reasons for
12 discounting this portion of the opinion, *see Tommasetti v. Astrue*, 533 F.3d 1035,
13 1041 (9th Cir. 2008) (an ALJ may discount a doctor's opinions when they are
14 inconsistent with or unsupported by the doctor's own clinical findings), and are
15 supported by substantial evidence, *see* Tr. 367, 368, 370. Further, the ALJ found
16 this portion of the opinion inconsistent "with other findings of record, including no
17 deformities, normal strength and coordination in his upper extremities, and no
18 edema." Tr. 30. This, too, is a legally valid reason for discounting this portion of
19 the opinion, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th
20 Cir. 2004) (holding that a clinician's opinion may properly be rejected where it is
21 contradicted by other medical evidence in the record), and is supported by
22 substantial evidence, *see, e.g.*, Tr. 277, 240, 390.
23     Accordingly, the ALJ did not err by discounting Dr. Davis-Boozer's
24 opinion.
25 **B.**    <u>**Plaintiff's Testimony.**</u>
26     Plaintiff contends the ALJ erroneously discounted his testimony. ECF
27 No. 10 at 12-18. Where, as here, the ALJ determines a claimant has presented
28

ORDER GRANTING DEFENDANT'S MOTION . . . 5

objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

Among other reasons, the ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence, to include Plaintiff's performance during Dr. Davis-Boozer's physical examination and the doctor's clinical findings, and inconsistent with Plaintiff's improvement with treatment. Tr. 26-28. These reasons are clear and convincing, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017), and the Court concludes the ALJ reasonably relied on the medical evidence, as discussed above, and Plaintiff's improvement with treatment to discount Plaintiff's allegations. *See, e.g.*, Tr. 275, 277, 279, 340, 414.

Because the ALJ gave at least two valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *Carmickle*, 533 F.3d at 1162.

C. **Steps Four and Five.**

Plaintiff argues the ALJ erred by failing to conduct an adequate analysis at steps four and five. ECF No. 10 at 18-20. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence and reasonably discounted Plaintiff's testimony. This restatement of Plaintiff's argument fails to establish error. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error.

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.
2. Defendant's motion to affirm, **ECF No. 12**, is **GRANTED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 31, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE